IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Shipergy Ltd., <br><br> Plaintiff, <br> v. <br><br> M/V ATALANDI, IMO #9658886, its tackle, boilers, apparel, furniture, engines, appurtenances, etc., <br><br> Certain Bunkers on board the M/V ATALANDI, <br><br> Defendants *in rem* <br><br> and <br><br> Wotho Shipping Co Inc, <br> Aquavita International SA <br><br> Defendants *quasi in rem*, <br><br> and <br><br> The Master of the M/V ATALANDI, <br><br> Garnishee. | IN ADMIRALTY <br><br> CASE NO.: <br><br> **VERIFIED COMPLAINT** |

Plaintiff Shipergy Ltd. ("Shipergy") files this Verified Complaint, proceeding against M/V ATALANDI, IMO 9658886, *in rem* ("Vessel") pursuant to Supplemental Rule C, *quasi in rem* against defendant Aquavita International SA ("Aquavita") and Wotho Shipping Co Inc. ("Wotho") pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset

VERIFIED COMPLAINT - 1

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

Forfeiture Actions ("Supplemental Rule") B, against the bunkers aboard the Vessel pursuant to Supplemental Rule D, and upon the security ("Escrow Funds") provided by defendant Aquavita, or, alternatively, if Aquavita breaches the agreement providing security (the "Escrow Agreement"), directly against the Vessel *in rem*, against Aquavita and Wotho *quasi in rem* and the Bunkers *in rem*, and complains of the defendants and alleges upon information and belief as follows:

## PARTIES

1. Plaintiff Shipergy was and now is a limited liability company duly organized and existing under the laws of England & Wales and is a provider of marine fuels ("Bunkers") to ocean-going vessels, including the Vessel, as set out herein.

2. Defendant Vessel is an ocean-going vessel to which Shipergy provided Bunkers as detailed herein. The Vessel, carrying the Bunkers, is soon to call in this District at the Port of Vancouver, Washington, within the navigable waters of this District and within the jurisdiction of this Court.

3. Defendant Wotho is a Marshall Islands corporation and is now, and was at the time of Shipergy's provision of the Bunkers to the Vessel, owner of the Vessel.

4. Defendant Aquavita is a Marshall Islands corporation and at the time of Shipergy's provision of the Bunkers to the Vessel was charterer of the Vessel from Wotho.

5. After Shipergy threatened arrest of the Vessel at South Africa, on or about March 25, 2024, Aquavita deposited security of $250,000 ("Escrow Funds") into the client account of Campbell, Johnson Clark ("CJC"), the London-based law firm representing Shipergy which holds the Escrow Funds as Escrow Agents, subject to a security agreement ("Escrow Agreement") in pertinent part stating as follows:

> (D) The Escrow Funds will remain held as security and respond to an award or judgment of any competent court (including but not limited to the South African Courts, exercising their admiralty jurisdiction) or tribunal in any jurisdiction, made against either (a) Aquavita International SA, and/or (b) the Vessel; and/or, (c) the

VERIFIED COMPLAINT - 2

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

Vessel's registered owners and/or bareboat/demise charterers, in relation to the Claims.

(E) The Escrow Funds represents the principal claim (USD 189,900.00) plus a provision for interest and Shipergy's anticipated costs.

2. The Escrow Funds shall be held by CJC as Escrow Agents on the terms of this Agreement and shall stand as security to any award or judgment of a competent court (including but not limited to the South African Courts, exercising their admiralty jurisdiction) or tribunal in any jurisdiction, made against either (a) Aquavita International SA, and/or (b) the Vessel; and/or, (c) the Vessel's registered owners and/or bareboat/demise charterers, in relation to the Claims.

22. Each Party hereby undertakes to appoint an agent to receive on its behalf (in any jurisdiction) service of legal proceedings or any other document arising out of or in connection with the Claims, within three (3) days of receiving written notice from the other Party to do so.

**JURISDICTION AND VENUE**

6. This is a case of Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. §1333 and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. Defendants Wotho and Aquavita are not for the purpose of Supplemental Rule B present in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the Vessel and Property which is the subject of this action is now or shortly will be at the time of the filing of this complaint located within this District, and that the Escrow Agreement provides for proceeding in this District, upon the security of the Escrow Funds.

**FIRST CAUSE OF ACTION: MARITIME LIEN *IN REM*
AGAINST THE M/V ATALANDI FOR THE VESSEL'S
FAILURE TO PAY FOR NECESSARIES PROVIDED TO THE VESSEL**

9. Plaintiff repeats the foregoing paragraphs.

10. On February 1, 2024, pursuant to the terms of a bunker supply contract dated January 30, 2024 (the "Supply Contract") between Shipergy, a company called Ocean Connection FZCO ("OC"), Aquavita, and Wotho, Shipergy provided 300 metric tons of

VERIFIED COMPLAINT - 3

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

Bunkers to the Vessel at Fujairah Anchorage, United Arab Emirates. OC was the sub-time charterer of the Vessel from Aquavita pursuant to a time charterparty dated January 11, 2024.

11. Shipergy's controlling sales General Terms and Conditions ("Shipergy Terms") incorporated into the sale of Shipergy's fuel, including to the Vessel, Wotho, and Aquavita, include the following controlling terms:

> The Marine Fuels supplied to the Vessel are sold and delivered on the credit of the Vessel, as well as on the promise of the Buyers to pay therefore, and the Buyers agree and warrant that the Seller shall have and may assert a maritime lien against the Vessel and may take such other action or procedure against the Vessel and any other vessel or asset beneficially owned or controlled by the Buyers, for the amount due for the Marine Fuels and the delivery thereof. The Seller is entitled to rely on any provisions of law of the flag state of the Vessel, the place of delivery or where the Vessel is found and shall, among other things, enjoy the full benefit of local legislation granting the Seller a maritime lien on the Vessel and/or providing for the right to arrest the Vessel. Nothing in this Contract shall be construed to limit the rights and/or legal remedies that the Seller may enjoy against the Vessel or the Buyers in any jurisdiction.

* * *

> Title and property rights in and to the Marine Fuels shall remain vested in the Seller and irrespective of any credit terms agreed by any party in the chain, title and property to the Marine Fuels shall pass to the Buyers only upon full payment for the value of the Marine Fuels delivered, pursuant to the terms of Clause 9 (Payment) hereof. Until such time as payment is made, on behalf of themselves and the Vessel, the Buyers agree that they are in possession of the Marine Fuels solely as bailee for the Seller, store it in such a way that it can be identified as the Seller's property and keep it separate from Buyer's own property and the property of any other person. If, prior to payment, the Seller's Marine Fuels are commingled with other marine fuels on board the Vessel, title to the Marine Fuels shall remain with the Seller corresponding to the quantity of the Marine Fuels delivered. The above is without prejudice to such other rights as the Seller may have under the laws of the governing jurisdiction against the Buyers or the Vessel in the event of non-payment.

* * *

> This Contract shall be governed by and construed in accordance with the laws of the United States of America. If there are any gaps in the general maritime law of the United States . . . . The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action.

* * *

VERIFIED COMPLAINT - 4

> [I]n case of breach of contract by the Buyer, the Seller shall be entitled to take such legal action in any court of law in any state or country which the Seller may choose and which the Seller finds relevant in order to safeguard or exercise the Seller's rights in pursuance of this Contract. The Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found. . . .

12. Shipergy issued an invoice (no. E-20241685) (the "Invoice") in relation to the Bunkers purchased under the Supply Contract for the amount of $189, 900.00 and payment was due within 30 days of completion of delivery (March 1, 2024).  The Invoice is due and owing but remains unpaid, and Shipergy has a claim(s) arising under or connection to the Supply Contract and the outstanding Invoice (the "Claims").  Shipergy has suffered damages as a result of the failure to pay the amounts owed for the Bunkers provided to the Vessel by Shipergy; and demands relief against the Vessel *in rem* from the Escrow Funds or, alternatively, from arrest and sale of the Vessel, as set out below.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT BY WOTHO AND AQUAVITA

13. Shipergy repeats the foregoing paragraphs.

14. Shipergy has a direct cause of action against Wotho and Aquavita for breach of contract, for their failure to pay for the Bunkers which Shipergy provided to the Vessel.

15. Because of their failure to pay Shipergy, Wotho and Aquavita have breached their contract with Shipergy, and Shipergy demands damages, contractual interest, costs and attorneys' fees, as set out below.

### THIRD CAUSE OF ACTION – TORT OF CONVERSION BY WOTHO AND AQUAVITA

16. Shipergy repeats the foregoing paragraphs and alleges this cause of action in the alternative to the Second Cause of Action (for breach of contract).

17. Although title to the Bunkers remained and remains with Shipergy, Wotho and Aquavita allowed and caused the Vessel to consume the Bunkers, converting the Bunkers to their own use with no payment to Shipergy for the Bunkers.

VERIFIED COMPLAINT - 5

18. Shipergy demands damages, interest and costs as set out below.

**FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT –
*QUANTUM MERUIT* – AGAINST WOTHO AND AQUAVITA**

19. Shipergy repeats the foregoing paragraphs and alleges this cause of action in the alternative to the Second (breach of contract) and Third (conversion) Causes of Action.

20. Shipergy (1) conferred a benefit on Wotho and Aquavita namely, provision to the Vessel under their respective charters, operation and ownership of the Bunkers; (2) Wotho and Aquavita had knowledge of the benefit; (3) Wotho and Aquavita accepted or retained the benefit; and (4) the circumstances are such that it would be inequitable for Wotho and Aquavita to retain the benefit without paying its fair value.

21. Shipergy was never paid for the Bunkers and continued to retain title to them, as set out in Shipergy's Terms. Wotho and Aquavita knowledge of or agreement to those Terms, or lack of it, does not affect Shipergy's title to the Bunkers.

22. Because of their failure to pay Shipergy, and retention of the benefit of the Bunkers without paying their fair value, Wotho and Aquavita are liable in unjust enrichment / *quantum meruit* to Shipergy, including for the invoiced amount of the Bunkers, interest, and costs, as set out below.

**FIFTH CAUSE OF ACTION:
MARITIME ATTACHMENT AND GARNISHMENT**

23. Plaintiff repeats the foregoing paragraphs.

24. At all relevant times, the Vessel's registered owner was Wotho, and Aquavita the Vessel's charterer.

25. On information and belief, defendant Wotho had at the time of the filing of this complaint no property within this District held by the Garnishee, including but not limited to the Vessel and Bunkers.

VERIFIED COMPLAINT - 6

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

26. Further, Aquavita for themselves, Wotho and the Vessel, has provided the Escrow Funds, upon which Shipergy may proceed *quasi in rem* pursuant to Supplemental Rule B as provided by the Escrow Agreement.

27. Wotho and Aquavita cannot be found within this District pursuant to Supplemental Admiralty Rule B, and this Court should proceed on the Escrow Funds for the property attached, or, if Aquavita is in breach of the Escrow Agreement, that this Court therefore issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment to the Garnishee pursuant to Supplemental Admiralty Rule B, attaching all of Wotho's and Aquavita's tangible or intangible property held by any Garnishee on behalf of those defendants, up to the amount of at least $250,000 plus interest, costs, and for the breach of contract claim, contractual attorneys' fees to secure Plaintiff's claim, citing all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint.

28. Aquavita has, as set out above, posted the Escrow Funds which secure Shipergy's claims directly, *quasi in rem* against Wotho and Aquavita pursuant to Supplemental Rule B. Pursuant to Supplemental Rule B, this Court should order the judgment entered against Wotho and Aquavita paid from the Escrow Funds, or upon breach of the Escrow Agreement, from property attached, as set out below.

### SIXTH CAUSE OF ACTION: ARREST *IN REM* OF ALL BUNKERS ON BOARD THE M/V ATALANDI

29. Plaintiff repeats the foregoing paragraphs and alleges this cause of action in the alternative to the Third (conversion) and Fourth (unjust enrichment) Causes of Action.

30. Shipergy's sales Terms and Conditions, set out *supra*, provide that Shipergy retains title to the Bunkers sold to the Vessel until Shipergy is paid for the Bunkers, and that such title continues in any bunkers which might have replaced the Bunkers.

VERIFIED COMPLAINT - 7

31.     The Bunkers, including all bunkers aboard the Vessel up to the value Shipergy's provision to the Vessel, $189,000 plus interest, are the property of Shipergy and therefore pursuant to the Federal Rules of Civil Procedure, Supplemental Admiralty Rule D, Shipergy proceeds on the Escrow Funds in arrest of the Bunkers, or if Aquavita breaches the Escrow Agreement, this Court should, pursuant to Supplemental Admiralty Rule D, issue a warrant of arrest against the Bunkers on board Vessel.

32.     This Court should determine that the Bunkers are the property of, and titled to, Shipergy, entering judgment that the Bunkers shall be paid for, to Shipergy from the Escrow Funds or alternatively if the Bunkers are arrested, from the Bunkers, as set out below.

**PRAYERS FOR RELIEF**

WHEREFORE, plaintiff Shipergy prays:

a.     **In Response to the First Cause of Action**: That judgment in the sum of at least $189,900 plus interest and costs be entered in favor of Shipergy and against the M/V ATALANDI, *in rem*, together with interest and costs; and that process in due form of law be maintained against the Escrow Funds in place of the Vessel or if the Escrow Agreement is breached, the Vessel be arrested pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, citing any claimant to the Vessel or Escrow Funds substituting for it to appear and answer under oath all and singular the premises alleged in this Verified Complaint, and that such judgment be paid from the Escrow Funds or from the sale of the Vessel if the Escrow Agreement is breached;

b.     **In Response to the Second through Fifth Causes of Action:** That this Court maintain the Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B against the Escrow Funds in place of the property otherwise attached pursuant to Rule B for defendants' property, or that if Aquavita breaches the Escrow Agreement that this Court issue a writ pursuant to Supplemental Rule B for attachment of such of defendants' tangible or intangible property or any other funds held by any garnishee, owned and/or due and owing to these defendants up to the amount of at least at least $250,000 plus interest, costs and contractual attorneys' fees due to Shipergy, to secure the plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in this Verified Complaint, and that this Court enter judgment against defendants Wotho and/or Aquavita for Shipergy in the amount of at least $189,900 plus interest, costs and contractual attorneys' fees on Shipergy's breach of contract claim, that judgment to be paid from the Escrow Funds or if the Escrow Agreement is breached from the attached property;

c. **In response to the Sixth Cause of Action**: That pursuant to the Federal Rules of Civil Procedure, Supplemental Rule D for Admiralty, this Court continue with the arrest against the Bunkers upon the Escrow Funds but, if Aquavita breaches the Escrow Agreement, issue a warrant for arrest of the Bunkers *in rem*, entering judgment that such Bunkers are the property of, and titled to, Shipergy and awarding Shipergy judgment to be paid from the Escrow Funds or Bunkers arrested; and

d. That in response to all claims of Shipergy and otherwise, that Shipergy has such other, further and different relief as this Court may deem just and proper in the premises.

DATED: June 10, 2024.

| | |
|---|---|
| MUNDT MacGREGOR L.L.P. | SIMMS SHOWERS LLP |
| By: s/ J. David Stahl | /s/ J. Stephen Simms |
| J. David Stahl, WSB No. 14113 | J. Stephen Simms (*pro hac vice pending*) |
| 271 Wyatt Way NE, Suite 106 | jssimms@simmsshowers.com |
| Bainbridge Island, Washington 98110 | Catherine M. Benson (*pro hac vice pending*) |
| Primary: jdstahl@mundtmac.com | cmbenson@simmsshowers.com |
| Secondary: tdrifmeyer@mundtmac.com | Simms Showers LLP |
| Telephone: (206) 624-5950 | 201 International Circle, Suite 230 |
| | Baltimore, Maryland 21030 |
| | Telephone 410-783-5795 |

Shipergy Counsel

VERIFIED COMPLAINT - 9